543 P.2d 493
**MESCALERO APACHE TRIBE, Appellant,**
v.
**The BUREAU OF REVENUE of the State of New Mexico, Appellee.**

**No. 2124.**

Court of Appeals of New Mexico.
Nov. 4, 1975.

Certiorari Granted Dec. 12, 1975.

**526**

Norman D. Bloom, Jr., Fettinger & Bloom, Alamogordo, for appellant.

Toney Anaya, Atty. Gen., Richard M. Kopel, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Mescalero (Mescalero Apache Tribe) contracted with Burn (Burn Construction Company) for Burn to construct certain improvements in connection with the construction of a motel. The place of performance of the contract was within the Mescalero Indian Reservation. The Bureau of Revenue assessed gross receipts tax on the receipts of Burn under the contract with Mescalero. Burn protested. That protest has not been heard nor decided by the Commissioner. Mescalero sought to intervene in connection with the protest of Burn. Intervention was sought on the basis that any tax liability of Burn would eventually be paid by Mescalero because of indemnity provisions in the contract between Mescalero and Burn. The Commissioner denied Mescalero's motion to intervene. Mescalero has appealed to this Court. Statutory citations are to Repl.Vol. 10, pt. 2, Supp.1973.

Direct appeals may be brought to this Court by a "protestant or claimant . . . dissatisfied with the action and order of the commissioner after a hearing . . . ." Section 72–13–39, N.M.S.A. 1953.

"Claimant" refers to one seeking a refund of taxes paid. Sections 72–13–36 and 72–13–40, N.M.S.A.1953. The taxes have not been paid in this case. Mescalero is not a claimant.

Section 72–13–38, N.M.S.A.1953 provides that a taxpayer may dispute an assessment by filing a protest. Section 72–13–15(O), N.M.S.A.1953 defines "taxpayer" as a person liable for payment of a tax or a person to whom an assessment has been made. Under this record, Mescalero's involvement in Burn's taxes is under a contract of indemnity. The taxes have been assessed to Burn and Burn is liable for any taxes due. Mescalero is not a protestant.

Because Mescalero is neither a claimant nor protestant, this Court has no jurisdiction over Mescalero's appeal.

The appeal is dismissed.

It is so ordered.

SUTIN and LOPEZ, J., concur.